```
LAW OFFICES OF JUSTIN E. D. DAILY
Justin E. D. Daily, Esq. (209772)
620 Newport Center Drive, Suite 1100
Newport Beach, Ca. 92660
Phone: (949) 375-0524
Fax: (949) 269-6364
jd@DailyLawFirm.com
```

Attorneys for Plaintiff, GERALD COURSLEY

FILED
2008 MAY 29 P 3: 21
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

Fee Paid

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

C08 02714 HRL

FILED BY FAX

GERALD COURSLEY, an individual;

　　　　Plaintiff,

v.

LUMENIS, INC., a Massachusetts Corporation;
and Does 1 through 50, inclusive;

　　　　Defendants.

CASE NO:

COMPLAINT FOR:
(1) BREACH OF WRITTEN CONTRACT; AND
(2) BREACH OF THE IMPLIED COVENT OF GOOD FAITH AND FAIR DEALING

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, GERALD COURSLEY, an individual (hereinafter referred to as "Plaintiff"), and for his Complaint alleges as follows:

**PARTIES**

1. At all times material hereto, Plaintiff was and is an individual residing in British Columbia, Canada.

///
///
///
///

PG.CM.COURSLEY　　　　　　　　　　　　　　　　1　　　　　　　　　　　　　　　　COMPLAINT

2. Plaintiff is informed and believes and based thereon alleges that Defendant LUMENIS, INC., (hereinafter referred to as "Defendant") is a Massachusetts Corporation, with its principal place of business in Santa Clara County in the State of California. Plaintiff is informed and believes that, at all times material hereto, Defendant is and was authorized to and doing business within the State of California, County of Santa Clara.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, and therefore sues these Defendants by such fictitious names. As and when the true names and capacities of these fictitiously named Defendants become known to Plaintiff, Plaintiff will seek leave from the Court to amend this Complaint to insert same. Plaintiff is informed and believes and based thereon alleges that at all times relevant to this Complaint these fictitiously-named Defendants, and each of them, were individuals, corporate entities and/or organizations residing or conducting business in Santa Clara County, California.

4. Plaintiff is informed and believes and based thereon alleges that each of the Defendants named herein at all times relevant to the Complaint were the agents and/or employees of, and/or were joint venturers with, each of the other Defendants, and in doing the things hereinafter alleged were acting within the course and scope of said agency, employment and/or joint venture.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000 and all parties are each citizens of different and/or foreign states.

6. Venue is proper in this Court because Defendant entered into the contract which is the subject of this Complaint in the State of California, County of Santa Clara. Plaintiff is also informed and believes that Defendant's principal place of business is in Santa Clara County, California.

7. **Intradistrict Assignment - L.R. 3-2(e):** This matter shall be assigned to the San Jose Division of California's Northern District Court because Defendant's principal place of business is in Santa Clara, California, and a large portion of the transactions and events that give rise to this case took place in Santa Clara, California.

///

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff is a highly experienced and prominent vascular and thoracic surgeon with over 50 years of medical and surgical experience.

9. Defendant is a purveyor of medical and surgical devices, which sells, among other devices, the "VascuLight Plus" surgical device (hereinafter referred to as the "VascuLight Machine").

10. In or around January of 1999, Plaintiff purchased a VascuLight Machine from Defendant for a total purchase price of $172,840.00. For numerous reasons not related to this lawsuit, the VascuLight Machine was unsuitable for Plaintiff's medical purposes. As a result, on or about May 25, 2004, Plaintiff, on the one hand, and Defendant, on the other hand (collectively referred to as the "Parties"), entered into a written agreement, drafted by Defendant, to resolve any and all previous claims and disputes relating to Plaintiff's purchase of the VascuLite Machine (hereinafter referred to as the "Agreement"). Plaintiff is informed and believes and based thereon alleges that the Agreement provides, in pertinent part:

> If Coursley's VascuLight:
> (a) is not found to be in serviceable working condition, Lumenis agrees to trade Coursley's VascuLight for a new VascuLight unit (model subject to availability) that, at a minimum, performs all of the treatment functions as Coursley's VascuLight, at no cost to Coursley; or
> (b) is found to be in serviceable working condition, Lumenis agrees to provide to Coursley the following:
>     (i) two (2) treatment heads at no cost to Coursley; and
>     (ii) standard initial Lumenis training for one (1) nurse or medical technician at no cost to Coursley; and
>     (iii) a two (2) year warranty and service contract for Coursley's VascuLight at a discount of 50% from the current price for such a contract in Coursley's region.

11. Subsequent to the Parties' execution of the Agreement, and beginning on or about December 20, 2004, Plaintiff demanded on numerous occasions that Defendant fulfill its obligations under the Agreement, Defendant having fulfilled none of those obligations thus far.

12. Plaintiff is informed and believes and based thereon alleges that, despite the expressed terms of the Agreement and Plaintiff's demands for Defendant to fulfill its obligations thereunder, Defendant has failed and refused to fulfill any of its referenced terms and obligations under the Agreement.

13. Plaintiff has fulfilled all of his obligations under the Agreement.

## FIRST CAUSE OF ACTION

### (BREACH OF WRITTEN CONTRACT)

### (Against all Defendants)

14. Plaintiff realleges and incorporates by reference herein each of the allegations contained herein above, inclusive, as though each were fully set forth at this point.

15. On or about May 25, 2004, Plaintiff and Defendant entered into the Agreement.

16. Plaintiff has performed all the obligations under the Agreement required of him, except any that may have been excused by the breach of Defendant.

17. Despite Plaintiff's previous demands for Defendant to fulfill its terms and obligations under the Agreement beginning on or about December 20, 2004 (as outlined above), Defendant has breached the Agreement by, among other things: 1) failing and refusing to adequately assess whether the VascuLight Plus medical device sold to Plaintiff by Defendant (as referenced in the Agreement) was in a "serviceable working condition"; 2) failing and refusing to provide Plaintiff with "a new VascuLight unit . . . that, at a minimum, performs all of the treatment functions" of a working VascuLight unit; 3) failing and refusing to provide Plaintiff with "two (2) treatment heads" for the VascuLight Machine "at no cost" to Plaintiff; 4) failing and refusing to provide Plaintiff with "standard initial Lumenis training for one (1) nurse or medical technician at no cost"; and 5) failing and refusing to provide Plaintiff with "a two (2) year warranty and service contract for" the VascuLight medical device that is the subject of the Agreement "at a discount of 50% from the current price for such a contract."

18. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has been damaged in an amount in excess of $1,000,000, together with interest accrued and accruing thereon, to be proven at trial.

## SECOND CAUSE OF ACTION

### (BREACH OF THE IMPLIED COVENT OF GOOD FAITH AND FAIR DEALING)

### (Against all Defendants)

19. Plaintiff realleges and incorporates by reference each and every allegation contained herein above, inclusive, as though each were fully set forth at this point.

///

20. Implied in the Agreement was a covenant by Defendant that it would act in good faith and deal fairly with Plaintiff, and would do nothing to deprive Plaintiff of the benefits of his bargain under the Agreement.

21. Plaintiff has performed all conditions, covenants, and promises required to be performed on his part in accordance with the terms and conditions of the Agreement.

22. Defendant has breached the Agreement in the particulars as set forth above. In addition, Plaintiff is informed and believes and thereon alleges that Defendant has negligently and intentionally, and in violation of the covenant implied into every contract to deal in good faith and fairly, failed and refused to fulfill any of its terms and obligations outlined in the Agreement, despite knowledge that it was obligated to do so, thereby denying Plaintiff of the benefit of his bargain in the Agreement.

23. As a proximate result of the bad faith breach of the implied covenant good faith and fair dealing by Defendant, Plaintiff has been damaged in an amount in excess of $1,000,000, together with interest accrued and accruing thereon, to be proven at trial

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as follows:

a. For actual and consequential damages in an amount in excess of $1,000,000, together with interest accrued and accruing thereon, to be proven at trial; and

b. For costs of suit and for such other and further relief as the Court may deem just and proper.

DATED: 5/29/08

LAW OFFICES OF JUSTIN E. D. DAILY

By: _____
Justin E. D. Daily, Esq.
Attorneys for Plaintiff
GERALD COURSLEY

### JURY DEMAND

Plaintiff demands a jury trial on all issues triable by a jury.

DATED: 5/29/08

LAW OFFICES OF JUSTIN E. D. DAILY

By: _____
Justin E. D. Daily, Esq.
Attorneys for Plaintiff
GERALD COURSLEY

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**FILED BY FAX**

## I. (a) PLAINTIFFS
GERALD COURSLEY

**DEFENDANTS**
LUMENIS, INC.

(b) County of Residence of First Listed Plaintiff: British Columbia, Canada
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
The Law Offices of Justin E. D. Daily
Justin E. D. Daily (SB # 209772)
620 Newport Center Drive, Suite 1100
Newport Beach, Ca. 92660

Attorneys (If Known)

**ADR**
**E-FILING**
**C08 02714  HRL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- ☒ 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury — Med. Malpractice
- 365 Personal Injury — Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus - Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In Excess of $1 Mil.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE
SIGNATURE OF ATTORNEY OF RECORD