KURT BRIDGMAN, # 145151
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendant
LUMENIS INC., a Massachusetts Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD COURSLEY, M.D., an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LUMENIS INC., a Massachusetts Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. C 08 02714HRL<br><br>DEFENDANT LUMENIS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES<br><br>DEMAND FOR JURY TRIAL |

## ANSWER

COMES NOW Defendant Lumenis, Inc. (hereinafter "Lumenis" or "Defendant"), through its undersigned attorneys, and for answer to the Complaint for Breach of Written Contract and Breach of the Implied Covent [sic] of Good Faith and Fair Dealing (hereinafter "Complaint"), admits, denies and alleges as follows:

### PARTIES

1. Admit.

2. Admit.

3. Defendant lacks sufficient information to admit or deny paragraph 3 of the Complaint and therefore denies the same, leaving Plaintiff to his proof.

///

4.   Defendant lacks sufficient information to admit or deny paragraph 4 of the Complaint and therefore denies the same, leaving Plaintiff to his proof.

### JURISDICTION AND VENUE

5.   Defendant denies any liability to Plaintiff. Defendant admits that Plaintiff claims entitlement to damages in excess of $75,000. Defendant admits the remaining allegations in paragraph 5 of the Complaint.

6.   Admit.

7.   Admit.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.   Defendant lacks sufficient information to admit or deny the allegations in paragraph 8 of the Complaint and therefore denies the same, leaving Plaintiff to his proof.

9.   Defendant admits that, at all times pertinent hereto, Defendant and/or its predecessor sold medical and surgical devices, including the VascuLight Plus™. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.  As to the first sentence in paragraph 10 of the Complaint, Defendant denies that it sold Plaintiff a VascuLight Plus™. Defendant denies the allegations contained in the second sentence in paragraph 10 of the Complaint. As to the third sentence in paragraph 10 of the Complaint, Defendant admits that Plaintiff and Defendant entered into a Release and Settlement Agreement on or about May 25, 2004. Defendant admits that the parties mutually agreed to enter the Release and Settlement Agreement to "resolve any and all previous claims and disputes relating to Plaintiff's purchase of the VascuLite [sic] Machine." As to the last sentence in paragraph 10 of the Complaint, the Release and Settlement Agreement speaks for itself. Defendants deny all remaining allegations contained in paragraph 10 of the Complaint.

11.  Defendant admits that Plaintiff and Defendant communicated subsequent to the execution of the Release and Settlement Agreement. Defendant lacks sufficient information to admit or deny allegations regarding the date these communications began and therefore denies the same, leaving Plaintiff to his proof. Defendant affirmatively alleges that prior to December 20, 2004, Defendant completed the inspection of Plaintiff's VascuLight Plus™ and determined that it was in serviceable

working condition. Defendant communicated with Plaintiff, offering two (2) treatment heads free of charge, standard training for one nurse/technician free of charge, and a two (2) year warranty and service contract at a fifty (50) percent discount. Plaintiff failed to respond for an extended period of time. Defendant also affirmatively alleges that it attempted to ship two (2) treatment heads to Plaintiff, along with a service contract and an offer to complete training, but Plaintiff refused delivery. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

### ALLEGED BREACH OF WRITTEN CONTRACT

14. Defendant incorporates by reference and realleges all answers contained herein.

15. Defendant admits that Plaintiff and Defendant entered into a Release and Settlement Agreement on or about May 25, 2004.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

### ALLEGED BREACH OF THE IMPLIED COVENT OF GOOD FAITH AND FAIR DEALING

19. Defendant incorporates by reference and realleges all answers contained herein.

20. The allegations contained in paragraph 20 are legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

### AFFIRMATIVE DEFENSES

WHEREFORE having answered Plaintiff's Complaint, Defendant asserts affirmative defenses as follows:

1. Plaintiff's injuries and damages, if any, were been caused and/or contributed to by his contributory fault;

2. Plaintiff failed to mitigate his damages and to protect himself from avoidable consequences.

3. Plaintiff's lawsuit may be barred by the statute of limitations;

4. Defendant is entitled to a set-off for all costs and expenses Plaintiff would have incurred had Plaintiff purchased the extended service contract.

5. Plaintiff's claims are barred by the doctrine of laches and/or unclean hands.

6. Plaintiff is estopped from asserting the claims herein.

7. Plaintiff has waived claims against Defendant.

8. Plaintiff has released claims against Defendant.

9. Defendant avails itself of each and every defense or set-off available to it pursuant to the applicable common and statutory laws of California. Defendant alleges any other matters that may constitute an affirmative defense or avoidance to the allegations contained in Plaintiff's Complaint, and further reserves the right to amend this Answer upon completion of discovery herein and to, at that time, provide additional defenses and add any third parties, counterclaims, or cross-claims that Defendant deems necessary.

WHEREFORE having answered Plaintiff's Complaint, Defendant requests relief as follows:

1. Plaintiff's lawsuit and all causes of action therein be dismissed with prejudice; and

2. For costs and reasonable attorneys fees to Defendants.

Dated: July 3, 2008.

LOW, BALL & LYNCH

By /s/ Kurt Bridgman
KURT BRIDGMAN
Attorneys for Defendant
LUMENIS INC., a Massachusetts Corporation

-4-