IT IS SO ORDERED

*James Ware*

Judge James Ware

9/29/2008

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

GERALD COURSLEY, an individual;

        Plaintiff,

v.

LUMENIS, INC., a Massachusetts Corporation;
and Does 1 through 50, inclusive;

        Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO: C08 02714 JW**

**STIPULATION FOR PLAINTIFF TO
FILE FIRST AMENDED COMPLAINT
AND [PROPOSED] ORDER**

///

///

///

///

///

///

///

///

///

///

1    It is stipulated pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, by and between

2    Justin E. D. Daily, counsel for Plaintiff GERALD COURSLEY, and Geoffrey Bridgman, counsel for

3    Defendant LUMENIS, INC., that Plaintiff may file on or before September 30, 2008, a First Amended

4    Complaint, a copy of which is attached hereto.

5

6    DATED: September 19, 2008                    LAW OFFICES OF JUSTIN E. D. DAILY

7
                                                  By: /s/ Justin Daily
8                                                     Justin E. D. Daily,
                                                      Attorney for Plaintiff
9                                                     GERALD COURSLEY

10

11

12   DATED: September 19, 2008            By: /s/ Kurt Bridgman
                                              Kurt Bridgman,
13                                            Geoffrey Bridgman,
                                              Attorneys for Defendant LUMENIS, INC.
14

15                                    **ORDER**

16

17   PURSUANT TO STIPULATION, IT IS SO ORDERED.

18   Plaintiff shall file the First Amended Complaint as a separate docket entry on or before September 30, 2008.

19   Dated:   September 29, 2008          By: _____

20                                            Honorable James Ware

21

22

23

24

25

26

27

28

1  LAW OFFICES OF JUSTIN E. D. DAILY
   Justin E. D. Daily, Esq. (209772)
2  620 Newport Center Drive, Suite 1100
   Newport Beach, Ca. 92660
3  Phone: (949) 375-0524
   Fax: (949) 269-6364
4  jd@DailyLawFirm.com

5  Attorneys for Plaintiffs, GERALD COURSLEY and
   WESTMINSTER VEIN & COSMETIC CLINIC INC.

6

7

8                    **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10                                    )   **CASE NO: C08 02714 JW**
                                       )
11  GERALD COURSLEY, an individual; and )
    WESTMINSTER VEIN & COSMETIC        )
12  CLINIC INC., a Canadian Corporation )   **FIRST AMENDED COMPLAINT FOR:**
                                       )   **(1) BREACH OF WRITTEN CONTRACT;**
13              Plaintiffs,             )   **AND**
                                       )   **(2) BREACH OF THE IMPLIED COVENT**
14                                      )   **OF GOOD FAITH AND FAIR DEALING**
                                       )
15  v.                                  )
                                       )   **DEMAND FOR JURY TRIAL**
16  LUMENIS, INC., a Massachusetts Corporation; )
    and Does 1 through 50, inclusive;  )
17                                      )
              Defendants.               )
18                                      )
    _____  )
19

20          COME NOW Plaintiffs, GERALD COURSLEY, an individual, and WESTMINSTER VEIN &

21  COSMETIC CLINIC INC., a Canadian Corporation  (hereinafter referred to collectively as "Plaintiffs"),

22  and for their First Amended Complaint allege as follows:

23                                    **PARTIES**

24          1.  At all times material hereto, Plaintiff GERALD COURSLEY was and is an individual residing

25  in British Columbia, Canada.

26          2.  At all times material hereto, Plaintiff WESTMINSTER VEIN & COSMETIC CLINIC INC.,

27  was and is a Canadian Corporation.  Plaintiff GERALD COURSLEY is the founder, owner and director

28  of Plaintiff WESTMINSTER VEIN & COSMETIC CLINIC INC.

                                          1

3. Plaintiffs are informed and believe and based thereon allege that Defendant LUMENIS, INC., (hereinafter referred to as "Defendant") is a Massachusetts Corporation, with its principal place of business in Santa Clara County in the State of California. Plaintiffs are informed and believe that, at all times material hereto, Defendant is and was authorized to and doing business within the State of California, County of Santa Clara.

4. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, and therefore sues these Defendants by such fictitious names. As and when the true names and capacities of these fictitiously named Defendants become known to Plaintiffs, Plaintiffs will seek leave from the Court to amend this First Amended Complaint to insert same. Plaintiffs are informed and believe and based thereon allege that at all times relevant to this First Amended Complaint these fictitiously-named Defendants, and each of them, were individuals, corporate entities and/or organizations residing or conducting business in Santa Clara County, California.

5. Plaintiffs are informed and believe and based thereon allege that each of the Defendants named herein at all times relevant to the First Amended Complaint were the agents and/or employees of, and/or were joint venturers with, each of the other Defendants, and in doing the things hereinafter alleged were acting within the course and scope of said agency, employment and/or joint venture.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000 and all parties are each citizens of different and/or foreign states.

7. Venue is proper in this Court because Defendant entered into the contract which is the subject of this First Amended Complaint in the State of California, County of Santa Clara. Plaintiffs are also informed and believe that Defendant's principal place of business is in Santa Clara County, California.

8. **Intradistrict Assignment - L.R. 3-2(c)**: This matter shall be assigned to the San Jose Division of California's Northern District Court because Defendant's principal place of business is in Santa Clara, California, and a large portion of the transactions and events that give rise to this case took place in Santa Clara, California.

///

///

2

1

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2      9.  Plaintiff GERALD COURSLEY is a highly experienced and prominent vascular and thoracic

3   surgeon with over 50 years of medical and surgical experience.

4      10.  Defendant is a purveyor of medical and surgical devices, which sells, among other devices, the

5   "VascuLight Plus" surgical device (hereinafter referred to as the "VascuLight Machine").

6      11.  In or around January of 1999, Plaintiffs purchased a VascuLight Machine from Defendant for

7   a total purchase price of $172,840.00.  For numerous reasons not related to this lawsuit, the VascuLight

8   Machine was unsuitable for Plaintiffs' medical purposes.  As a result, on or about May 25, 2004,

9   Plaintiffs, on the one hand, and Defendant, on the other hand (collectively referred to as the "Parties"),

10   entered into a written agreement, drafted by Defendant, to resolve any and all previous claims and

11   disputes relating to Plaintiffs' purchase of the VascuLite Machine (hereinafter referred to as the

12   "Agreement").  Plaintiffs are informed and believe and based thereon allege that the Agreement provides,

13   in pertinent part:

14
>            If Coursley's VascuLight:
15
>            (a) is not found to be in serviceable working condition, Lumenis agrees to trade Coursley's
>            VascuLight for a new VascuLight unit (model subject to availability) that, at a minimum,
>            performs all of the treatment functions as Coursley's VascuLight, at no cost to Coursley; or
16
>            (b) is found to be in serviceable working condition, Lumenis agrees to provide to Coursley
>            the following:
17
>                    (i)      two (2) treatment heads at no cost to Coursley; and
>                    (ii)     standard initial Lumenis training for one (1) nurse or medical technician at
18
>            no cost to Coursley; and
>                    (iii)    a two (2) year warranty and service contract for Coursley's VascuLight at a
19
>            discount of 50% from the current price for such a contract in Coursley's region.

20      12.  Subsequent to the Parties' execution of the Agreement, and beginning on or about December

21   20, 2004, Plaintiffs demanded on numerous occasions that Defendant fulfill its obligations under the

22   Agreement, Defendant having fulfilled none of those obligations thus far.

23      13.  Plaintiffs are informed and believe and based thereon allege that, despite the expressed terms

24   of the Agreement and Plaintiffs' demands for Defendant to fulfill its obligations thereunder, Defendant

25   has failed and refused to fulfill any of its referenced terms and obligations under the Agreement.

26      14.  Plaintiffs have fulfilled all of their obligations under the Agreement.

27   ///

28   ///

**FIRST CAUSE OF ACTION**

**(BREACH OF WRITTEN CONTRACT)**

**(Against all Defendants)**

15.  Plaintiffs reallege and incorporate by reference herein each of the allegations contained herein above, inclusive, as though each were fully set forth at this point.

16.  On or about May 25, 2004, Plaintiffs and Defendant entered into the Agreement.

17.  Plaintiffs have performed all the obligations under the Agreement required of them, except any that may have been excused by the breach of Defendant.

18.  Despite Plaintiffs' previous demands for Defendant to fulfill its terms and obligations under the Agreement beginning on or about December 20, 2004 (as outlined above), Defendant has breached the Agreement by, among other things: 1) failing and refusing to adequately assess whether the VascuLight Plus medical device sold to Plaintiffs by Defendant (as referenced in the Agreement) was in a "serviceable working condition"; 2) failing and refusing to provide Plaintiffs with "a new VascuLight unit . . . that, at a minimum, performs all of the treatment functions" of a working VascuLight unit; 3) failing and refusing to provide Plaintiffs with "two (2) treatment heads" for the VascuLight Machine "at no cost" to Plaintiffs; 4) failing and refusing to provide Plaintiffs with "standard initial Lumenis training for one (1) nurse or medical technician at no cost"; and 5) failing and refusing to provide Plaintiffs with "a two (2) year warranty and service contract for" the  VascuLight medical device that is the subject of the Agreement "at a discount of 50% from the current price for such a contract."

19.  As a direct and proximate result of Defendant's breach of the Agreement, Plaintiffs have been damaged in an amount in excess of $1,000,000, together with interest accrued and accruing thereon, to be proven at trial.

**SECOND CAUSE OF ACTION**

**(BREACH OF THE IMPLIED COVENT OF GOOD FAITH AND FAIR DEALING)**

**(Against all Defendants)**

20.  Plaintiffs reallege and incorporate by reference each and every allegation contained herein above, inclusive, as though each were fully set forth at this point.

///

4

21.  Implied in the Agreement was a covenant by Defendant that it would act in good faith and deal fairly with Plaintiffs, and would do nothing to deprive Plaintiffs of the benefits of their bargain under the Agreement.

22.  Plaintiffs have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the Agreement.

23.  Defendant has breached the Agreement in the particulars as set forth above.  In addition, Plaintiffs are informed and believe and thereon allege that Defendant has negligently and intentionally, and in violation of the covenant implied into every contract to deal in good faith and fairly, failed and refused to fulfill any of its terms and obligations outlined in the Agreement, despite knowledge that it was obligated to do so, thereby denying Plaintiffs of the benefit of their bargain in the Agreement.

24.  As a proximate result of the bad faith breach of the implied covenant good faith and fair dealing by Defendant, Plaintiffs have been damaged in an amount in excess of $1,000,000, together with interest accrued and accruing thereon, to be proven at trial

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant as follows:

a.  For actual and consequential damages in an amount in excess of $1,000,000, together with interest accrued and accruing thereon, to be proven at trial; and

b.  For costs of suit and for such other and further relief as the Court may deem just and proper.

DATED: 9/19/2008                              LAW OFFICES OF JUSTIN E. D. DAILY

By: /s/ Justin Daily
Justin E. D. Daily, Esq.
Attorneys for Plaintiffs, GERALD COURSLEY and
WESTMINSTER VEIN & COSMETIC CLINIC INC.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues triable by a jury.

DATED: 9/19/2008                              LAW OFFICES OF JUSTIN E. D. DAILY

By: /s/ Justin Daily
Justin E. D. Daily, Esq.
Attorneys for Plaintiffs, GERALD COURSLEY and
WESTMINSTER VEIN & COSMETIC CLINIC INC.